Case number 20-5951, United States of America v. Jenny Bailey, arguments not to exceed 15 minutes per side. Ms. Coffin, you may proceed for the appellant. Good morning. I'm Jennifer Coffin and I'm here today on behalf of Jenny Bailey. I'd like to reserve three minutes of my time. Thank you. Everybody in this case agrees that because Ms. Bailey has a body mass index over 30, she is at increased risk of serious illness and death should she contract COVID-19 while incarcerated in the custody of the Bureau of Prisons. Everybody also agrees that this risk of harm to her constitutes an extraordinary and compelling eligible for a compassionate release from the custody of BOP to court supervision. But in the Eastern District of Tennessee, where she was sentenced, there operates- Let me ask you a question because we're getting a lot of these cases. Has she been vaccinated? Do you think if she gets vaccinated that your case is mooted? So right now there are 57 inmates at the facility where she's housed, FPC Alderson. As of yesterday, there were 57 inmates out of 540 who were vaccinated. And I haven't been able to get her on the phone as a result of the lockdown. It's very difficult for us to get our clients on the phone. So I don't know actually if she has been. But I would say the answer to that question is that as of now, we are in a situation where we don't know what other kinds of variants are out there where the vaccine is not effective against them. We're still in a state of uncertainty, I would say, with respect to vaccinations, so that it would be, I think, difficult for us to say that it would be mooted if she were vaccinated. But the second thing I'd like to say is that because of the way that these cases have been decided in the Eastern District of Tennessee, we have what is a problem that is going to recur, which is that the courts in the Eastern District of Tennessee are using what appears to be a sort of de facto presumption against compassionate release if the person hasn't served a certain proportion of their sentence, which over the past year has shaken out to look about 50%. And this is going to occur regardless of the nature of the extraordinary and compelling circumstance. So it's something that I believe the court can address, even if Ms. Bailey somehow has gotten vaccinated and I just don't know about it. And what I would say about that is that it is difficult to see in this case because it was decided in August, but our office has been, is under a standing order to represent defendants in the review of their cases and the filing of compassionate release motions. So we've been pretty close to the process all along. And I can say that in our office, we have not actually seen a grant of compassionate release for anyone who has served less than what has been calculated to be about half or more. So it does appear to be operating a little bit like a presumption where the court uses the amount of time served as sort of a substitute for engaging in the actual 3553 analysis that is appropriate in this special context, exceptional context, possibly even you could say radical context in the sense that Congress has provided courts with a mechanism to do something that is entirely different from the original sentence calculation. And it's to take into account a new, unexpected, possibly dangerous circumstance into account and to consider what would be the appropriate thing to do under those new changed, possibly emergent circumstances. And in Ms. Bailey's case, we're talking about a risk to her life. It's not a change in the law. It's something that every day is present for her. And so to use that factor, in fact, the way it's stated and expressed in this case is a perfect illustration of that in the sense that when the judge says she served only 24 months of her 78-month sentence, the judge did not tie that to any 3553 factor. It stands alone as something that is supposed to tell us that she should be serving more time. And yet we don't know why. We don't know why if she could die while serving time when the judge imposed a sentence that is short enough that she could be expected to get out and live a fruitful, fulfilling life. We don't know why this offense is so serious that she must serve more time. So counsel, what do you do about the fact that the time served? You mean, I think you're thinking, I assume that you're talking about the several cases that have been from this circuit, like Ruffin, for example, or Kincaid, upon which Ruffin was based. Well, one thing you note when you look at Ruffin is that it actually only refers to one purpose of sentencing when it talks about the relevance of the amount of time served. And that is the seriousness of offense or the need for just punishment, which is the retributive purpose of sentencing. There is no other purpose mentioned there. The first thing I would say is the judge in this case did not actually tie the amount of time served to that purpose of sentencing, although it is in the same paragraph, the judge didn't say, and so I don't think that you have served enough time to reflect the seriousness of your offense. The second thing I would say is that my argument is not that it's irrelevant because I can imagine ways that the amount of time served could be part of a relevant conversation with respect to a it's that it's operating in our district like a freestanding factor that prevents the court from going further into a 3553 analysis because the person hasn't served enough time. And when it's about the pandemic or a chance accident or something that occurs, it happens in her case to have been earlier in her sentence, that it functions like an arbitrary factor. And so what problem when you have something like a presumption or something even close to one in a district that you can measure by looking at the fact that no cases have actually been great? So what do we, I mean, it's very, I don't know that it's clear from the record in this case that there's some freestanding requirement that you serve over half of your sentence. Um, what do we do with all this information you're giving us about the practice in the district? Well, I would say that in this very case, uh, the, the proceedings in the written, uh, pleadings show that the parties, uh, were often under an implicit understanding based on previous experience and also the government's own, you know, uh, briefing that what's there was language in the briefing, I believe in, in one of the pleadings filed by the government that says that, you know, defendants typically have to serve a substantial amount of time. And there's a lot of talk about the percentage of time, not tied to any 3553A factor, but just because that's what one of the things that everybody anticipated that the judge was going to look at that was back in August. Since then, we still have not seen a grant in a case where, uh, the, the person had served less than half the time. Sometimes it's very close, and people would point the case to, uh, prove the court to these cases. There was one recently where there was a dispute between the parties about how much time the time the defendant had served in the court after the criminal briefing, which suggests that it was very important to the court to know exactly how much time the person had served. And I do recognize that it's hard to show from what I mean. I don't know. I, let's assume you're right. I mean, there is, it's still relevant because it still does go to just punishment. Um, let's say that a presumption would be, would be erroneous, but the only thing I've got to go on is the, or the judge's order, right? I mean, we, I don't, the judge doesn't indicate, yes, the judge mentions it. So, but he can mention it's relevant. So what do I do? How do I figure out that there's presumption from the actual decision? Well, I do agree with you that the decision itself does not say that, but we can look at the proceedings in this case to see that the parties were operating under the idea that there was a need to show a certain amount of time served. But I'd also say that in Gaul, for example, um, where the, what was happening across the country was courts were using a percentage of time served to decide whether the extent of a variance was reasonable. They weren't saying this is our hard and fast rule. They were just saying, well, this is a hundred percent variance. So, or so it's not going to be reasonable. They weren't saying we will never give a firm a hundred percent variance, but they so often said that this was an important factor that it became something like a presumption. And the Supreme Court said, you can't do that. We can't be using these mathematical formulas. Instead, we, the extent of the variance is relevant. So it's the same thing. It's relevant, but we can't be using it like a presumption. So what I would say is what I would ask the court to do is to say that we can't be using a presumption that if there is one, we can't be doing it. But in this case, the district court did not actually tie the amount of time served to a sentencing. So even if in theory, you could say that that amount of time is relevant, this judge did not explain how it's relevant to the offense. The judge said it's a serious offense, but in all honesty, you could say that about every federal case, every person who comes for compassionate release, the judge could say, this is a serious offense, but why should that mean the person should have to serve more or less time? We don't know. Why would it? What's more, I guess I'm not unsympathetic to the argument. I mean, it would make sense to me for the judge to consider the person's condition and vulnerability and weigh it against the seriousness of the offense and all of the 3553 factors. But I'm looking at what the judge said. I mean, it wasn't a lot, but the judge says it was a very serious crime. She only served 24 of 78 months. The facts show that the sentence imposed is necessary considering the nature and circumstances reflect the seriousness, respect the law. It was already below the sentence range. Why isn't that a sufficient connection or what more should the judge have said to connect it the 3553 factors? Well, for example, if the judge had said she's served 24 months and she hasn't shown that she can conduct herself in accordance to the rules that the Bureau of Prisons has because she's had a bunch of infractions, I could see how the amount of time could relate to a purpose when the court says that it does in a way that makes some rational sense. And I recognize that the judge's discussion of it here appears to be within the context of 3553A. But if you really look at it, the judge is just reciting the 3553A factors and also saying that her offense was very serious. Again, really, you could say about every federal case, it's a serious case. In published decisions, we've been affirming denials that are basically one paragraph orders. I mean, that's basically the law of our circuit at this point. I mean, these district judges do not have to do a lot. They have to indicate that they've considered the factors. But haven't we basically said, look, it just doesn't require a ton. This order is more extensive than most of the ones that I've seen in these cases. It seems like it would be incongruous for us to send this one back when we've approved so many others. There are only two quick things I'd like to say, and it'll take me just for just a moment to say it. The first one is that in this case, however, Jenny Bailey is saying that there is a constitutional problem with the way that the Eastern District of Tennessee is viewing time served. And because it imports this arbitrary time factor without tying it to 3553A explicitly. So that's why I would say this is a little bit different. The second thing is the judge talks about the disparity, creating disparity, but doesn't say it in the context of the actual statute, which is the need to avoid unwarranted disparity. So I would say that there are two things about this case that make it something the court should remand with instructions to the court that when you're thinking of disparity, you have to into account the fact that there is an existing extraordinary circumstance that changes the disparity analysis that we're not comparing to people who don't have this extraordinary. And if we, and I know you're over, but if we were to remand and he just basically said, okay, fine, I'll give you a one paragraph form order. It's just like Navarro and some of these other cases, Kincaid, whatever, that's it, right? Then you don't have an argument, right? Well, it would depend on what the order says. I mean, I think that- I've considered 3553A and all the relevant factors and I'm denying your motion. So I guess at that point, I might actually cite this court's decision, the published order in Bass and say that it's possible that the Sixth Circuit expects more from these compassionate release decisions and that the court should be actually engaging in an analysis that we can see and understand to, you know, that's related to the 3553A factors that's satisfactory to the court of appeals is what I would probably say in that case. Thank you. You still have your rebuttal. May it please the court. Thank you, Your Honor. May it please the court. My name is Sam Fitzpatrick and I represent the United States. Before I begin, I'd like to respond to one point raised by Ms. Coffin. She stated a few times that the district court did not tie the fact that it considered the amount of time Ms. Bailey had served to any of the 3553A factors and I don't think that's correct. I'm looking at page ID 12,003 and there the court said... Do you agree that if there were essentially a presumption that that would be problematic? That if you're basically going to go into it saying if you haven't served 50% of your time, I'm really not going to consider this, that would be a problem, right? Yes, Your Honor. That would be a problem because the statute commands the court to consider the applicable 3553A factors and if the court was operating under a presumption, a per se rule, then that would be a problem if the court wasn't considering the 3553A factors. Wait, is that true with respect to a presumption in the trial court? I'm not talking about Gaul, but Gaul isn't about the presumption in the trial court. I mean, the trial court in Gaul sentenced the defendant to time served or probation for an offense. I mean, he went way, way, way below guidelines. But Gaul speaks to appellate courts not having a presumption. So, couldn't you have a presumption that's rebuttable? I mean, in general, I think the defendant should serve about half their sentences, but convince me otherwise? I mean, I don't know that that wouldn't be okay. You think it wouldn't be? Well, Your Honor, I think that the key point is whether or not the district court considers the applicable 3553A factors in addition to the amount of time the defendant has served. And I mean, one key lesson- That's supposed to reflect the seriousness of the offense, right? The punishment is supposed to reflect the seriousness of the 3553A factor. So, if I'm a district judge and I say, well, in general, these are serious offenses, and in general, I think it doesn't reflect the time unless it's at least half. It doesn't reflect seriousness. But you can convince me otherwise. Is that a problem? Well, Your Honor, I don't think it's a problem so long as the court is making an individualized decision based on that specific defendant's circumstances, on that specific defendant's offense, on that specific defendant's background. And so long as the court's doing that, and that's one of the instructions from Paul is that we're making all of these decisions, all of these sentencing decisions are individualized, that we're not sort of imposing blanket rules, then I think that would be okay. Yeah. Okay. That makes sense to me. I mean, in terms of how we talk about what is a presumption, I guess you could have a different vision of what a presumption is. But as you explained it, it makes sense. And Your Honor, if I could just return back, the one point I wanted to respond, I'm on page ID 12003, and this is sort of the key part of the district court's order. The district court talks about the seriousness of Ms. Bailey's offense, specifically the large amount of methamphetamine that she conspired to distribute. And the district court also discusses that she only served 24 months of her 78-month sentence. And then the court says, those facts show that the sentence imposed is necessary considering three different sentencing factors under 3553A. So I think that is an explicit connection. And I think that the court did tie the amount of time Ms. Bailey had served to specific factors under 3553A. In addition, there's three reasons that I think show that the district court properly considered the amount of time Ms. Bailey had served. And the first of those is that the court's decision followed a bedrock principle of law, and that's that sentencing courts can consider the widest possible breadth of information about a defendant. The second reason is that the district court's decision followed a statutory command. 3553A requires the court to ensure that Ms. Bailey's sentence is sufficient but not greater than necessary to meet the purposes of sentencing. A district court would have a hard time doing that without considering the length of the sentence reduction itself. Can I ask you about the disparity issue and the comparator issue? I'm a little bit puzzled by this one. What is the relevant comparator when you're looking at what is essentially a new, maybe not a new sentencing procedure, but the person has served some time now. So what do you do with, who are you comparing this person to in terms of disparities? Or is the disparity factor even applicable at all? I think the statute talks about applicable factors. Is it possible it's not even applicable? Well, Your Honor, I think there's two questions there. So the first one I'll take is what's the, who's the appropriate comparator in the compassionate release context? And I think there the statute is crystal clear. 3553A6 requires the court to determine sentence disparities based on disparities between defendants who have committed similar offenses and have similar criminal records. And I think- Who are making compassionate release motions or what? I mean, I understand that, but there's a little bit of a mismatch here that you're taking 3553A and you're importing it into a compassionate release decision that's not a sentencing in the 3553A factor. So why is it possible that it's not even applicable here? We don't even, you know, why would you look at the, why would you look at what other defendants similar records are or whatever when you're doing a compassionate release? Well, Your Honor, I think there's a few, there's three responses to that. Number one is that the 3553A factors are required under the statute for the court to consider them. And so I think that the, whether or not there's a sentence disparity has to be measured against what 3550A says, how we measure sentence disparities. And the second point is that I think this court has already decided that 3553A6 is applicable under this context. That's the Jones case. And the third point I would make, Your Honor, is that if you look at 3582A, it uses identical language as 3582C1A, where it says that the court should consider the 3553A factors to the extent that they are applicable. And so I think if, you know, if Congress meant to create a per se rule that 3553A6 is not applicable in the compassionate release context, I think Congress would have said that. It would be a very cryptic way to instruct courts not to consider 3553A6. I think instead, the more natural reading of the statute is that 3553A6, or that the district court has discretion to determine based on the individual facts of each defendant, which of the 3553A factors might be applicable. And one example would be, let's say a defendant had been sentenced at the top of their guidelines range or even above their guidelines range. And, you know, under those circumstances, if the defendant had served a substantial amount of their sentence, reducing their sentence might cause no sentence disparity because that reduced sentence would fall at or near their guidelines range. But to counsel, I mean, do you, if somebody, I would think at least that when considering the disparity, that the court can't simply say, look, it'll create a disparity, that's the end of it. That there's got to be consideration of the circumstances that permit the resentencing to begin with. That the court has to consider what the real situation is for this particular defendant in that jail. I mean, I don't know, maybe you don't agree. Your Honor, I think that I do agree that that is something that the district court can consider when it's assessing sentence disparities. And I think here, you know, if we look at the entirety of the district court's decision, I think we can see that the district court was aware of the risk posed by COVID. COVID is a terrible disease and it's a dangerous disease. And I think the district court knew that. And it knew the risk that posed, that Ms. Bailey's risk factor of obesity posed to her. And the district court also noted that at the time there were zero cases of COVID positive inmates at FPC Alderson. As of yesterday at 3 p.m., there's one, there's currently one positive case of COVID at FPC Alderson. So I think the district court did consider those things. It didn't spell that out in the specific paragraph where it talked about decision-making. And I think the analysis here is, you know, not that the court parses through line by line, but that whether the district court set forth enough to show that it had a reasoned basis for its decision. And here, if we're looking at the district court's decision, I think it met that requirement. Go ahead. Thank you, Your Honor. Your Honor, the district court determined that the 3553A factors weighed against Bailey's motion for a sentence reduction. The court's opinion showed that it had a reasoned basis for that sentence. Thank you. Yes, Judge Larson, I'd like to address your question about the difference between a trial presumption and the appellate presumption that Gall is talking about. If a trial court were to say that the guideline range, I'm going to presume that the guideline range is the appropriate amount of time the person has to serve in order to meet the purpose of serving, you know, the need to address the seriousness of the offense. So, I think I would strongly disagree with the presumption that a trial court could not have a presumption that puts the burden on the defendant to convince otherwise that a certain outcome or percentage is the appropriate amount of time the person has to serve in order to meet the purpose of serving, you know, the need to address the offense. So, I think I would strongly disagree with any suggestion that the trial court could actually employ such a presumption. I think the case law is already pretty strongly against that. The next thing I would like to say, and I'd like to go to the question, Judge Nelbandian, that you asked about disparity and about whether 3553A6 in its operation in an original sentencing is even applicable in the compassionate release context. And I think the answer to that is that, you know, even if it's not wholly inapplicable, its applicability, the extent to which it's applicable is limited because we've already sort of blasted through its normal operation by having an extraordinary and compelling circumstance that doesn't exist in an original sentencing. The other thing I'd like to say is that we're talking about uniformity of some kind that's very rough. So, already people who are convicted of drug offenses and methamphetamine offenses, just like Ms. Bailey's, are all, almost like three-quarters of them are already sentenced below the guideline range. So, the fact that Ms. Bailey got a below-range sentence, which, yes, the district court mentioned, was not actually an unusual thing in her case. She was safety below the mandatory minimum. She also got a variance, also safety valve related, that had to do with the First Step Act's change to the safety valve statute. So, that was not out of the ordinary. The rest of her sentence was based on a government departure. So, the 78 months that she got was actually all within the realm of what is a normal, ordinary sentence. And now she has this extraordinary circumstance that, for some reason, because she hasn't served enough time, because the pandemic came too soon for her, she's not able to avoid the danger that the court recognized. And so, I guess only the last thing I'd like to say is that, although there is only currently one positive person at the facility that she's at, I believe, as of yesterday, the BOP website said that 17 people have tested positive. So, it's not as if the virus hasn't made it there and could likely continue to arrive there the way that it is in so many other facilities. And so, for these reasons, Ms. Bailey asked the court to remand this case to the district court to re-assess her motion without using any kind of presumption or, and if it does, talk about the time she has served to tie that to a 3553A analysis that is appropriate in the context of thank you. Thank you both. Were there any other questions? Thank you both, and the case will be submitted.